**UNITED STATES of America**

v.

**Rex CARPENTER.**

**Civ. A. No. 13761.**

United States District Court
W. D. Pennsylvania.

Jan. 19, 1956.

John A. DeMay, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

Paul E. Allen, Meadville, Pa., for defendant.

GOURLEY, Chief Judge.

In this proceeding the United States of America seeks to recover meat subsidy payments based on the alleged failure of defendant to maintain appropriate records.

The matter comes before the court on defendant's motion to dismiss premised upon two theories:

1. The complaint does not charge defendant with violation of any substantive provision of the Emergency Price Control Act of 1942, its supplements or amendments.

2. The Reconstruction Finance Corporation did not conduct administrative proceedings with regard to defendant's meat subsidy claims as provided by law.

Our courts have recognized that regulations pursuant to which the instant proceeding was instituted require preservation of books and records by subsidy claimants, and that the Reconstruction Finance Corporation has the right to declare invalid any claim of an applicant who failed to comply with these requirements. Riverview Packing Co. v. Reconstruction Finance Corporation, 3 Cir., 207 F.2d 361.

Such regulations, in effect, provide for payment on a preliminary basis, but the Reconstruction Finance Corporation reserves the right to require restitution of any payment or part of a payment upon a finding that the claim was invalid or defective. Riverview Packing Co. v. Reconstruction Finance Corporation, supra; Berchem v. Reconstruction Finance Corporation, Em.App., 191 F.2d 922.

It is my judgment, therefore, that the Reconstruction Finance Corporation is vested with the authority to invalidate the claims which give rise to this proceeding.

Defendant finally objects that no administrative hearings were instituted

**518**

by Reconstruction Finance Corporation in rendering its decision of invalidity.

The Emergency Price Control Act specifies with great particularity the procedure for invoking administrative proceedings. 50 U.S.C.A.Appendix §§ 923, 924. Having failed to avail himself with the procedures provided under the Act, defendant is in no position to require hearings before the Reconstruction Finance Corporation. Reconstruction Finance Corporation v. Service Pipe Line Co., 10 Cir., 198 F.2d 775.

An appropriate order is entered.